¶ 1. In July of 2001, Paul and Misty Little purchased a new house from Sidney Miller. Approximately one year later, the Littles filed an action against Miller in the Chancery Court of Jones County, Second Judicial District, asserting various claims of contractual breach and negligence. They later filed an amended complaint additionally seeking a declaratory judgment and rescission of the contract. The trial was set for September 9, 2003, and on that day, prior to the start of trial, Miller presented to the court a motion for summary judgment. The chancellor announced that he must hear some evidence before ruling, so the Littles proceeded with their case-in-chief. Afterwards, Miller renewed his motion, and the chancellor dismissed the Littles' complaint.
 ¶ 2. Aggrieved by the chancellor's ruling, the Littles have appealed and now come before this Court claiming to raise three issues, which can be collectively addressed as follows:
 I. DID THE TRIAL COURT ERR IN DISMISSING THE LITTLES' COMPLAINT?
 ¶ 3. We cannot find that the chancery court made such error and, accordingly, affirm the chancellor's dismissal of the complaint.
 FACTS AND PROCEDURAL HISTORY ¶ 4. Sidney Miller purchased a corner lot in Heatherwood, a subdivision in Laurel, Mississippi, with the intention of building a house and then offering it for sale upon completion. Paul and Misty Little fancied the house that Miller built, so they contacted Howard Johnson Properties, Ltd. and expressed their interest in purchasing it. A caveat to the property, however, was poor water drainage, and due to excessive rain at that time, the topical landscaping for the lot remained unfinished. As a result, the Littles contacted Jack White, a landscape contractor, to inspect the property and to provide them with an estimate for completing the topical landscaping as well as remedying the water drainage problem. White returned an estimate of $2,000.
 ¶ 5. On July 7, 2001, the Littles signed the contract to purchase the house but *Page 1258 
conditioned the sale upon, inter alia, receiving a $2,000 drainage and landscaping allowance at the time of closing. At the end of the month, on July 30, the Littles and Miller closed on the sale of the property, during which Miller signed a seller's disclosure statement declaring the property to be free from sub-soil defects and standing water.
 ¶ 6. The following spring, White attempted to begin the landscaping work, but when he drove his backhoe onto the front of the lot, it immediately sank forcing him to use the front and rear scoops to lift and slide the backhoe sideways until on solid ground. White then attempted entering the rear of the property, but the backhoe sank again. White subsequently concluded that the problem was a sub-soil defect, and he accordingly informed the Littles that he could not perform the topical landscaping as discussed nor would such landscaping remedy their drainage problems.
 ¶ 7. The Littles then hired David Coleman, a geotechnical engineer, to determine the extent of the sub-soil defect. After conducting a visual inspection, performing probe rod examinations throughout the lot, and reviewing various topographical maps and aerial photographs, Coleman concluded that a natural drainage feature, providing surface drainage for approximately six to eight-and-one-half acres of surrounding land, ran through the property prior to the Littles purchase from Miller. Coleman then estimated that adequate repair of the lot would cost in excess of $17,000.
 ¶ 8. In July of 2002, the Littles filed a complaint against Miller in the Chancery Court of Jones County, Second Judicial District, alleging (1) tortious breach of warranty and contract for work that was defective and not performed in a workmanlike manner; (2) intentional and/or grossly negligent misrepresentation, concealment, and fraud for failing to disclose that the lot had standing water resulting from a sub-soil defect; and (3) gross negligence in construction of the home. The Littles also requested punitive damages in the complaint, which they later amended to additionally seek, in the alternative, a declaratory judgment and rescission of the contract price.
 ¶ 9. The matter came for hearing on September 9, 2003, but before beginning, Miller made a motion for summary judgment. Refusing to rule before hearing any evidence, the chancellor ordered the Littles to proceed. After presenting their case-in-chief, Miller renewed his motion, and the chancellor dismissed the Littles' complaint for lack of evidence, which they now assert as error.
 LAW AND ANALYSIS ¶ 10. Miller filed for summary judgment arguing that the central issue before the court concerned the landscaping of the Littles' lot and that such landscaping was specifically excluded under Section 83-58-5 of Mississippi's New Home Warranty Act.See Miss. Code Ann. § 83-58-5(2)(a) (Supp. 2004). Miller's argument, however, ignores Section 83-58-17, which states that "[n]othing in this chapter shall prevent the owner from filing a cause of action based on breach of contract and remedies attendant to such cause of action." Miss. Code Ann. § 83-58-17(2) (Supp. 2004). Consequently, the common law remedy sought by the Littles' is not excluded by the Act.
 ¶ 11. The Littles argue that summary judgment was erroneously granted for Miller because Miller failed to file his motion in compliance with Rule 56(c) of the Mississippi Rules of Civil Procedure, which declares that such "motion shall be served at least ten days before the time fixed for the hearing." Miller undisputedly failed to abide by the dictates of this rule; however, *Page 1259 
we are of the opinion that, even though presented as a summary judgment motion, the chancellor's dismissal of the Littles' complaint for lack of evidence is best categorized as an involuntary dismissal under Rule 41(b), which states that, "[a]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." M.R.C.P. 41(b). Although Miller moved for summary judgment, he substantively argued a motion to dismiss, and we will not hold him in error for that. See Century 21 Deep SouthProperties, Ltd. v. Corson, 612 So.2d 359 (Miss. 1992).
 ¶ 12. The Littles also argue, in the alternative, that, even if Miller had properly complied with Rule 56(c), their claim should have succeeded on the merits because they presented ample evidence demonstrating that Miller was negligent in preparing the site for construction and that Miller misrepresented the sub-soil condition of the lot to them. We, however, are of the opinion that the evidence presented by the Littles is insufficient as to each of these claims.
 A. Negligence ¶ 13. A party that advances a claim of negligence must prove by a preponderance of the evidence (1) duty; (2) a breach of that duty; (3) a reasonably close causal connection between the conduct complained of and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Foster byFoster v. Bass, 575 So.2d 967, 972 (Miss. 1990). Failure to present sufficient proof as to any one of these elements requires that the entire claim be denied. Id.
 ¶ 14. The Littles maintain that Miller, as general contractor, was under a duty to prepare the site on which he planned to build the house in the same manner as a reasonable prudent contractor and that he breached this duty by failing to excavate the lot's saturated soil and properly backfill while rerouting the water that drained onto the property. The evidence presented by the Littles, however, is insufficient to prove the breach they allege. Jack White testified that construction on property through which a natural drainage feature runs is not uncommon but doing so requires that the drainage feature be dug out, filled in, and then compacted. White, however, declared that he did not know whether this work was done on the Littles' lot. David Coleman similarly testified that he did not know what work had been performed in filling this drainage feature and preparing the site for construction. Coleman also stated that he did not test the sub-soil conditions within ten to fifteen feet of the house and that without further testing he cannot know whether the house was constructed on defective sub-soil. Without proof of what preparatory site work was performed on the property, we cannot find that the Littles' claim of negligence as to the preparation of their lot for construction is supported by a preponderance of the evidence. Therefore, dismissal as to this issue was proper.
 B. Misrepresentation ¶ 15. The Littles advance two distinct, yet similar, claims of misrepresentation. They first claim that the lot, when purchased by Miller, was traversed by a natural drainage feature, which constituted a latent defect with the property, and that Miller negligently misrepresented the sub-soil condition of the lot by failing to disclose his knowledge of said defect when selling the property. Secondly, the Littles claim that Miller, by signing the seller's *Page 1260 
disclosure statement, fraudulently represented that the lot they purchased was free from sub-soil defects and standing water.
 ¶ 16. Recovery in an action based on negligent misrepresentation must be predicated upon the claimant proving by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) the materiality or significance of the representation or omission; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct and proximate result of such reasonable reliance. Spragins v.Sunburst Bank, 605 So.2d 777, 780 (Miss. 1992). To succeed in an action for fraudulent misrepresentation, the claimant must prove the elements of fraud, which requires proving by clear and convincing evidence (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Levens v. Campbell, 733 So.2d 753, 761-62 (¶ 35) (Miss. 1999). The proof presented by the Littles is insufficient to establish the requisite reliance as to each of these claims.
 ¶ 17. The Littles testified that they inspected the property before purchasing it and discovered some erosion and drainage problems. Based on that, they hired White to inspect the lot and give them a price to remedy the problems, which White estimated at $2,000. The sale of the house was then conditioned on Miller paying the Littles this $2,000, which they received at closing. The Littles claim they purchased the lot as a result of Miller misrepresenting, by not disclosing, the natural drainage feature that ran through the property and by declaring that the lot was free from sub-soil defects. Apparent from the evidence, however, is that the Littles were well aware of the problems associated with the property and only completed the purchase after making their own observations and having White inspect the lot. We, therefore, cannot impose liability on Miller because the evidence presented by the Littles is insufficient to prove by a preponderance of the evidence that they acted in reliance of a misrepresentation by Miller. Having failed to meet the lower evidentiary burden of a negligent misrepresentation claim, the Littles have clearly failed to meet the higher clear and convincing evidentiary burden associated with fraudulent misrepresentation. Accordingly, the chancellor properly dismissed these claims.
 ¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF JONES COUNTY ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANTS.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., NOT PARTICIPATING.